**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARONTA LEWIS, | No. 2:19-CV-1735-JAM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF FAIRFIELD, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

The Court initially addressed plaintiff's complaint with a screening order issued on February 14, 2020.  See ECF No. 13.  In that order, the Court summarized plaintiff's claims as follows:

> Plaintiff names the following as defendants: (1) City of Fairfield, (2) County of Solano, (3) Thomas Ferrara, (4) Castillo, (5) Ramirez, (6) Nagar, and (7) Clemente. Plaintiff raises three claims for relief, summarized below.
>
> **Claim I**
> Plaintiff alleges in Claim I that defendants violated his rights under the Americans with Disabilities Act (ADA) and under the Equal Protection Clause of the Fourteenth Amendment.  See ECF No. 1, pg. 4.
>
> Plaintiff alleges that he was excluded from access to programs, services, and extra credit because he was isolated from the general population. See ECF No. 1, pg. 4. Although plaintiff never makes it express, from the context of his complaint, it appears that plaintiff utilizes a wheel chair for mobility. Id. At some point around 2018, plaintiff made a request to be transferred to housing in general population. Id. However, this request was denied by Classification Officer Clemente. Id. Allegedly, Clemente denied the transfer because of fears that plaintiff's wheelchair could be used as a weapon. Id. Plaintiff doubts the sincerity of this response and states that other similarly heavy metal objects are allowed in general population. Id. After plaintiff complained of this denial to Clemente, Clemente told plaintiff to "take it up" with his supervisor, Sergeant Ramirez. Id. After this, plaintiff filed a complaint to Ramirez. Id. Ramirez took 3 days past the response deadline to discuss this request with plaintiff. Id. During this discussion, plaintiff expressed his grievances, but Ramirez left and never responded to the complaint. Id. As a result of this action, plaintiff was denied time out of his cell to interact with other inmates and participate in prison-run programs. Id.
>
> **Claim II**
> Plaintiff alleges in Claim II that defendants violated his rights to procedural due process and adequate medical care.  See ECF No. 1, pg. 5.
>
> On June 2, 2017, upon arriving to jail from Northbay Medical Hospital, plaintiff was left in his holding cell for over 12 hours. See ECF No. 1, pg. 5. He suffered pain and was only given Naproxen as treatment. Id. Also, his cell was in deplorable condition, with feces, urine, and food-based trash all over his cell. Id. Plaintiff informed Officer Bottoms and Officer Finnegan of these concerns, however his request to have the cell sanitized was denied. Id. Dr. Nagar, of the medical ward, "did nothing" to address plaintiff's concerns. Id. Medical employee Nick

cleaned up pus oozing out of plaintiff's wound, but Dr. Nagar never visited plaintiff during his time in the cell. Id. After this, plaintiff caused a "verbal ruckus" and Bottoms told Sgt. Donna of plaintiff's conduct. Id. Donna told Dr. Nagar and plaintiff was taken out of his medical bed and placed in a wheel chair in Stanton Correctional Ad-Seg Unit 2450 from September 2017 to October 2018. Id. As a result of this confinement, plaintiff was denied ". . . credits, help, [and] services." Id.

**Claim III**

In Claim III, plaintiff alleges defendants denied him adequate medical care. See ECF No. 1, pg. 6.

At Dr. Nagar's discretion, plaintiff was denied pain medication prescribed by a surgeon who participated in treating plaintiff's gunshot wound. See ECF No. 1, pg. 6. As a result of this denial, plaintiff suffered severe pain around his neck and chest gunshot wounds. Id. Plaintiff alleges that Nagar intentionally denied plaintiff medical treatment, demonstrating a "callous disregard" for his rights as a medical patient. Id.

ECF No. 13, pgs. 2-3.

The Court found plaintiff's complaint states a cognizable Eighth Amendment claims against defendant Nagar based on the alleged denial of medical care. See id. at 4.  The Court determined, however, that plaintiff's complaint otherwise fails to state cognizable claims against any other defendant. See id. at 4-8.  Specifically, the Court stated:

> As submitted, plaintiff's sole cognizable claim is his Eighth Amendment claim against defendant Nagar. As to defendants City of Fairfield and County of Solano, plaintiff has failed to alleged misconduct on the part of the municipality as opposed to its employees or officials. As to defendants Thomas Ferrara and Castillo, plaintiff has failed to set forth sufficient facts to establish a causal connection between their conduct and an alleged wrong. As to defendants Ramirez and Clemente, plaintiff has failed to allege facts which may establish a violation of the equal protection clause. Lastly, as to plaintiff's Fourteenth Amendment claim against defendant Nager, plaintiff has failed to identify a valid liberty or property interest that would give rise to a due process claim.
>
> **1. Municipal Liability (Defendants City of Fairfield and County of Solano)**
>
> Plaintiff has failed to state a cognizable claim against either the City of Fairfield or the County of Solano.
>
> Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom

3

of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Here, plaintiff's complaint makes no particular factual allegations against either the City of Fairfield or the County of Solano. Plaintiff's claims appear to stem from the alleged misconduct of both defendant's employees. There are no allegations that plaintiff suffered a constitutional deprivation as the result of either municipality's policies or customs. Therefore, plaintiff has failed to state a cognizable claim against either defendant.

**1.    Causal Connection (Defendants Thomas Ferrara and Castillo)**

Plaintiff has failed to state a cognizable claim against either defendant Thomas Ferrara or Castillo.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff's makes no specific factual allegation against either defendant in his complaint. The only reference plaintiff makes to Castillo is in his attached exhibits. It appears that Lieutenant Castillo denied plaintiff's appeal of his administrative grievance on July 20, 2018. See ECF No. 1, pg. 8. Similarly, plaintiff's only reference to Ferrara is in an attached demand letter sent to defendant Nagar. In the letter plaintiff states that, ". . . Dr. Nagar conspires with Facility Sherriff Thomas Ferrerara [sic]." ECF No. 1, pg. 23. Plaintiff has not established a causal connection between either defendant's individual conduct and a constitutional deprivation. Therefore, plaintiff has failed to state a cognizable claim against either defendant.

**3.    Equal Protection (Defendants Ramirez and Clemente)**

Plaintiff has failed to state cognizable Fourteenth Amendment claims against defendants Ramirez and Clemente based on disability discrimination. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims, including disability claims. See Lee v. City of Los Angeles, 250 F.3d 668, 686-88 (9th Cir. 2001). Minimal scrutiny requires only that "any reasonably conceivable state of facts [] could provide a rational basis for the [difference in treatment]."

People v. Dunley, 247 Cal. App. 4th 1438, 1450 (2016) (citations omitted). Here, plaintiff's own complaint states that his request to transfer to general population was turned down because defendants feared his ". . . wheelchair ADA-equipment can be used as a weapon . . ." ECF No. 1, pg. 4. Therefore, plaintiff's complaint demonstrates that his request was denied because of safety concerns. Thus, a connection between the alleged disparate treatment and a rational basis is evident.

### 4. Defendant Dr. Nagar
#### A. Deliberate Indifference

Plaintiff has stated a cognizable Eighth Amendment claim against defendant Nagar based on an alleged deprivation of medical care. Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Here, plaintiff alleges that Nagar intentionally denied plaintiff medical treatment despite plaintiff suffering from a gun shot wound. See ECF No. 1, pg. 6. Also, plaintiff alleges that Nagar failed to visit him while confined to his holding cell despite suffering from immense pain and pus oozing out of plaintiff's wounds. See ECF No. 1, pg. 5. Therefore, at this stage, plaintiff has alleged sufficient facts to make out a valid claim of deliberate indifference against defendant Nagar.

#### B. Procedural Due Process

Plaintiff has failed to state a valid procedural due process claim against defendant Nagar. The due process clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The procedural guarantees of the Fifth and Fourteenth Amendment's due process clause apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651 (1977).

From plaintiff's complaint, it is unclear what connection there is between Nagar's conduct and the deprivation of a liberty or property interest. Plaintiff states that he, ". . . cause[d] a verbal ruckus and officer Mrs. Stacy Bottoms, told Sgt. Donna who spoke to Doctor Nagar to take me out [sic] medical bed to wheel chair cell in Stanton Correctional Ad-Seg Unit 2450 Clay Bank Rd. from Sept. 2017 or so until Oct. 2018." ECF No. 1, pg. 5. To the extent plaintiff's due process claims stems from his placement in administrative segregation, it should be noted that the Supreme Court has concluded that the Constitution itself provides no liberty interest in remaining in the general population. see Sandin v. Conner, 515 U.S. 472, 485-86 (1995). In the statement of facts regarding his due process claim, plaintiff generally contends that Nagar failed to provide him with adequate medical care. At most, plaintiff's allegations against Nagar describe a deprivation of medical care which are best resolved through his 8th Amendment claim, not due process.

ECF No. 13, pgs. 4-8.

Plaintiff was provided leave to amend and the following warning: "Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims." ECF No. 13, pg. 8. To date, plaintiff has not filed an amended complaint, appearing instead to elect to proceed on the original complaint against defendant Nagar only. Accordingly, the Court will recommend dismissal of all other defendants and claims and, by separate order, will direct service of process on defendant Nagar.

Based on the foregoing, the undersigned recommends that City of Fairfield, County of Solano, Thomas Ferrara, Castillo, Ramirez, and Clemente be dismissed as defendants to this action which shall proceed on plaintiff's original complaint on his Eighth Amendment medical care claim against defendant Nagar only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE